## HILLS & a. *v.* BOSTON & MAINE RAILROAD CO.

In an action on the case for an injury to the plaintiff's land, it is not necessary to plead specially.

Evidence that the acts complained of were done by the permission of the plaintiff, is admissible under the general issue ; and, *a fortiori,* that they were done at the request and by the direction of the plaintiff.

Where land was granted to a railroad company, and, after the usual covenants, the deed contained this clause, "said corporation to make us a culvert or pass for cattle to pass under said road";—*Held*, that such grant and provision did not justify the company in digging a ditch in the adjoining land of the grantor to drain the passway.

CASE, to recover damages for digging a ditch on the plaintiffs' land. Plea, the general issue.

It appeared that the plaintiffs were possessed of a tract of pasture land, containing about twenty-five acres, situated in Durham, through which the road of the defendants passed; that about one and one fourth acres were on the easterly side of the road, and the remainder on the westerly side; that there were springs on the easterly side, where the plaintiffs' cattle obtained water in the summer season, but that for two or three years the one and one fourth acre piece had been cultivated.

The defendants offered to prove a parol license from the plaintiffs to enter the land and do the acts complained of, but the court held the evidence inadmissible under the general issue. They then offered to show that the acts complained of had been done by their servants, at the request and under the direction of the plaintiffs, but the court ruled that such evidence was inadmissible. They then offered a deed, from the plaintiffs to them, which was objected to, but admitted by the court, dated Nov. 17, 1840, conveying to them a certain parcel of land, four rods in width, and extending through the twenty-five acre lot, above mentioned, with the appurtenances, &c., with the usual covenants of seizin and warranty. In the deed is this provision, viz: "said corporation to make a culvert, or pass for cattle, to pass under said road." The defendants then introduced evidence to show that they made a culvert, or passway, as required by the provision of the deed, and that the water settled in it so that it was necessary, in order to make it passable for the plaintiffs' cattle, to dig a ditch to drain it, which they did, digging

no deeper, and extending the ditch no farther, than was necessary to drain the culvert.

The defendants requested the court to instruct the jury that the provision of the deed, requiring them to make a culvert or passway, gave them the right to enter on the plaintiffs' land, and dig a drain as deep and long as was necessary to drain the passway, and make it useful and available to the plaintiffs, and that if the defendants had done nothing more they were justified and protected by the deed in what they had done. The court refused so to instruct the jury, but ruled that the deed was no justification or protection to the defendants for any thing done by them outside of the four rods in width conveyed by said deed.

The jury returned a verdict for the plaintiffs, and the defendants moved for a new trial.

*Hale*, for the plaintiffs.

*Wells*, for the defendants, cited 1 Chit. Pl. 487 ; 2 Burr. 1353 ; 8 East 208 ; 2 Greenl. Ev., sect. 23 ; 2 Stark. Ev. 360 ; Yelv. 174, C.

PARKER, C. J. It has not been objected that this action should have been trespass.

In an action on the case, for an injury done to the plaintiffs' land, it is not necessary to plead specially.

The defendants should have been allowed to show a license. If permission was granted, no wrong was done. *A fortiori*, they should have been permitted to show that they acted at the request and by the direction of the plaintiffs; in effect that the plaintiffs themselves did the acts complained of, through the defendants acting as their servants. The verdict must, therefore, be set aside.

But we are of opinion that the ruling respecting the deed was right. The clause in the deed imposed upon

the defendants the duty of making a culvert or passway for cattle under their road. They were to make it a convenient way, so far as they might do by acts done upon the land granted. If they did not do that, they would be liable.

If they unnecessarily laid the grade of their road so low as to make it necessary to dig in order to make the passway, and it was thereby rendered useless, because it filled with water, and if the defendants could not drain it by a ditch on their own ground, they might be liable if they could have made a good passage way by elevating the road to a proper grade. So, also, if the grade was a proper one, and they might have drained the place by a ditch on the land granted. The plaintiffs reserved no right to enter upon the land granted, to make the way convenient, and it may well be held that thus far the defendants assumed this duty.

But the defendants, by means of the deed, gained no right to dig ditches on the plaintiffs' land, for their own benefit, and assumed no such duty of digging them for the benefit of the plaintiffs.

Supposing the grade of the road to be a proper one, when the defendants had made a passage way under their road, and had done, upon their land, all they could do to make it convenient, their duty in the premises was performed. If the plaintiffs' land was so situated that their cattle could not use the way until measures were taken, by digging upon their land, to drain it, the plaintiffs had full power to do what was needful, and were entitled to judge whether they would make the necessary ditches, or would forego the benefit of the way.

As the clause in the deed imposed no duty upon the defendants to enter upon the plaintiffs' land, it conferred no right to enter.

*New trial granted.*